IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Jennifer Stage,                 :

        Plaintiff,               :

    v.                           :        Case No. 2:14-cv-077

                                 :        JUDGE PETER C. ECONOMUS
Restoration Hardware, Inc.,               Magistrate Judge Kemp
    et al.,                      :

        Defendants.              :

OPINION AND ORDER

   Plaintiff, Jennifer Stage, brought this civil rights action
against her former employer, Defendant Restoration Hardware,
Inc., and her former supervisor at that job, Defendant
Christopher Dapolito, alleging discrimination on the basis of
sex, sexual harassment, retaliation, intentional infliction of
emotional distress, and constructive termination.  Before the
Court is Plaintiff's Motion to Compel Discovery, Motion for
Sanctions, Motion to Extend Discovery Deadline and Request for
Hearing.  (Doc. 22).  This motion has been fully briefed.  The
Motion seeks eight categories of relief, and the Court will
address them in turn.

I.  Background

   Ms. Stage, a former employee of the Restoration Hardware
call center in West Jefferson, Ohio, alleges that after she had
worked there for more than two years and received glowing
reviews, Defendant Christopher Dapolito was hired as a call
center director.  She alleges that he began a pattern of sexually
inappropriate behavior toward her and that when she complained of
sexual harassment, Restoration Hardware failed properly to
investigate her complaints.  She also claims that both Defendants

retaliated against her for making the claim.  The alleged
retaliation included manufactured criticisms of Ms. Stage's job
performance.  Ms. Stage resigned in June of 2013.  After Ms.
Stage resigned, her job duties were assumed by Kris Mitchell and
Mike Cameron.

　　In a deposition, Mr. Dapolito testified that the department
ran more efficiently after Ms. Stage resigned and that the
difference was like "night and day."  (Doc. 23-3 & Doc. 24-1 at
165:1-166:14).  That statement, and other issues about Ms.
Stage's job performance and the performance of her replacements,
form the core of the parties' current dispute.

## II.  First Request

The first request for relief in Plaintiff's Motion is a
request for a hearing.  Specifically, Ms. Stage requests an order
requiring that all employees of Restoration Hardware involved in
searching for and producing documents relating to Ms. Stage's job
performance be required to attend a hearing and be required to
describe under oath the efforts they made to locate responsive
documents, and to certify that all responsive documents have been
produced.  While the Court agrees that certain actions by
Restoration Hardware in the course of discovery are troubling and
warrant further investigation, an investigatory hearing is
premature absent additional discovery.  Accordingly, rather than
ordering a hearing, the Court will extend the discovery deadline
by 45 days in order to permit Ms. Stage to notice a Rule 30(b)(6)
deposition of Restoration Hardware.  As discussed in more detail
below, a well-crafted 30(b)(6) deposition should address many of
the concerns raised in Ms. Stage's motion.

When Defendants set out to respond to Plaintiff's First Set
of Interrogatories and Requests for Production of Documents,
Defendants' idea of a "comprehensive" search was to perform
keyword searches on the email accounts of four employees without

discussing such limitations or reaching agreement as to search terms with Ms. Stage. (Doc. 23 at 5-6). In Defendants' favor, they did disclose their methodology to Ms. Stage after her counsel stated that it was inadequate, and they voluntarily agreed to expand their search for documents. (Doc. 23 at 6). However, it is not clear from the record what the expanded search entailed, and the record contains examples of apparently incomplete document production which required Ms. Stage to ask Defendants to locate complete versions of documents or documents that should have been produced but were absent. This raises a legitimate concern about the thoroughness of Defendants' research methodology. Ms. Stage may use a Rule 30(b)(6) deposition to investigate, among other topics, the efforts that Restoration Hardware made to locate, collect, review, and produce responsive documents. After the 30(b)(6) deposition is complete, Ms. Stage will be able to decide whether to renew her motion for a hearing.

### III.  Second Request

Ms. Stage's second request is that the Court require that Restoration Hardware employee Kristen Kitterman be subject to a second deposition at Restoration Hardware's expense. First, Ms. Stage seeks to question Ms. Kitterman regarding the destruction of electronic files. Ms. Stage's email account was deleted within two weeks after her resignation in the normal course of business. (Doc. 23-5 at ¶15-16). Defendant Restoration Hardware failed to disclose that fact in response to Interrogatory Number 9 of Plaintiff's First Set of Interrogatories, which asked Restoration Hardware to list or identify "any and all electronic information or other documents deleted, physically destroyed, corrupted, damaged, lost or overwritten that was discoverable in this legal matter, regardless of whether or not done pursuant to any retention policy." (Doc. 23-6). Counsel for Defendants subsequently disclosed this deletion during Ms. Stage's

3

deposition, and then by letter. (Doc. 23-5 at ¶15-16). On
November 10, 2014, Restoration Hardware amended its Responses to
Plaintiff's First Set of Interrogatories to disclose that Ms.
Stage's email account, as well as all her electronic documents
and instant messages (IMs), had been deleted two weeks after
termination of her employment. (Doc. 22 at 12).

The inaccuracy of Restoration Hardware's first response, as
well as the incompleteness of its two informal disclosures,
provide cause for additional investigation into Restoration
Hardware's policies or practices regarding the storage,
retention, deletion, and overwriting of electronically stored
information. Ms. Stage is also entitled to investigate when a
litigation hold was issued, what was done to preserve
electronically stored information at the time it was issued, and
whether information which was not preserved was archived or
stored on backup tapes or what happens to that information.
While these topics are appropriate for Ms. Stage to inquire into,
there is no evidence before the Court as to whether deposing Ms.
Kitterman on those topics would be fruitful. It would be
preferable for Ms. Stage to include those topics when she notices
a 30(b)(6) deposition. Noticing a 30(b)(6) deposition will
ensure that Restoration Hardware provides a person or persons
with knowledge of the questions being asked (which may or may not
include Ms. Kitterman).

Ms. Stage also seeks another deposition of Ms. Kitterman in
order to question her about the documentation that has been
produced by Restoration Hardware since Ms. Kitterman's deposition
in August. While the Court may ultimately grant this request,
Ms. Stage should first seek information about such documents in
the 30(b)(6) deposition. It may be that Ms. Kitterman will be
one of the 30(b)(6) designees, in which case the Defendants may
be wise to permit her to testify in her capacity as an individual

4

and a 30(b)(6) designee to the extent that Ms. Stage has questions specific to her about the late-produced documents.  If there remain questions that should be posed to Ms. Kitterman about the documents that were produced after her deposition and after Defendants represented that their final search for electronic documents was completed, Ms. Stage can request a second deposition of Ms. Kitterman in a renewed motion.

### IV.  <u>Third Request</u>

The third request for relief seeks a supplemental discovery response from Restoration Hardware in which it identifies by Bates number and verifies all documentation that it claims relates in any fashion to the job performance of Jennifer Stage during the entire term of her employment with Restoration Hardware.  In considering this request, the Court notes several facts which indicate that there are legitimate questions about Restoration Hardware's process for collecting, identifying, and producing responsive documents.

First, Restoration Hardware produced a number of incomplete email strings.  Ms. Stage then had to request that Defendants produce the complete email string.  It is unusual for this to occur.  If, as they claim, Defendants were using key word searches, a key word appearing in a portion of an email string will typically appear in the complete email string unless the portion with the keyword has been altered in one of the replies.  Furthermore, if a portion of an email string is responsive, the complete email string will typically be responsive as well because it includes the responsive portion.  That certainly appeared to be the case with the one example provided by Ms. Stage in her Motion.

Second, after Restoration Hardware indicated twice that it had completed the final search of its electronic records (doc. 22-2 at 12 & 13), Ms. Stage pointed out that Restoration Hardware

had produced only a small number of IMs between Ms. Stage and Mr. Dapolito and no IMs between Ms. Stage and Ms. Douglas.  (Doc. 22-2 at 16-17).  Ms. Stage specifically explained that there should be IMs between herself and Ms. Douglas dated June 18 and/or 19, 2013.  (Doc. 22-2 at 16).  Restoration Hardware then produced additional IMs and represented that it had produced all available IMs between Ms. Stage and Ms. Douglas, and between Ms. Stage and Mr. Dapolito.  (Doc. 22-2 at 19-20).  Restoration Hardware also represented that IMs between Ms. Stage and Ms. Douglas in June 2013 "do not exist, and we are unable to ascertain whether they ever existed." (Doc. 22-2 at 19).  Then, approximately two months later, in December of 2014, Restoration Hardware produced IMs between Ms. Stage and Ms. Douglas dated June 2013.  However, those IMs were simply included with other documents produced in response to Plaintiff's Third Requests for Production of Documents even though they were not responsive to those requests. This inclusion of documents which were previously described as nonexistent, in an otherwise unrelated production, without mention, could create the appearance that Restoration Hardware was hoping to avoid answering further questions about how they suddenly turned up.  Given this history, the Court agrees that Ms. Stage is entitled to know which documents Defendants believe are related to her job performance so that she can inquire as to the completeness of those documents.  Once again, this topic can be addressed in a Rule 30(b)(6) deposition.

V.  Fourth Request

The fourth request for relief asks the Court to require Restoration Hardware to provide accurate responses to Plaintiff's Requests for Admissions or, in the alternative, to deem the requests admitted as a matter of law.  This issue involves a category of documents described by Defendant Dapolito in his deposition.  Specifically, Mr. Dapolito testified about weekly

meetings between three individuals: Ms. Stage, Ms. Douglas, and himself. (Doc. 22-5 at 64:8-65:6). He further testified that Ms. Douglas took notes and would email her notes to the three of them each week. (Doc. 22-5 at 65:7-66:22). Ms. Stage followed up with Restoration Hardware to try to obtain copies of these emailed notes, and ultimately served Requests for Admission seeking an admission that the emailed notes did not exist. Restoration Hardware denied that Request for Admission (No. 3) and responded to the related Interrogatory and Request for Production of Documents that it had produced the notes at Bates Nos. 974-977. (Doc. 22-7). The June 8, 2013 email string bearing Bates Nos. RH-974-977 is between only two individuals: Ms. Douglas and Mr. Dapolito. It purports to be notes "from yesterday's round table with 10 members of the support team." (Doc. 22-8 at RH-976). It seems patronizing to explain why that document cannot be one of documents described by Mr. Dapolito in the excerpt referenced, but in light of Restoration Hardware's firm insistence on the accuracy of its response, it is worth noting that an email chain with notes about a meeting of ten people circulated among two people is not the same as an email with notes about a meeting of three people circulated among the same three people. Ms. Stage may include this topic in her Rule 30(b)(6) deposition notice, and if she does not obtain a satisfactory explanation of Defendants' refusal to admit her request, she may renew her motion.

## VI. Fifth Request

Ms. Stage's fifth request for relief is for all emails, internal communications, and other documents related to the job performance of the two employees who replaced Ms. Stage after she resigned. Ms. Stage represents that she has requested all communications regarding the job performance of Kris Mitchell and Mike Cameron from June 19, 2013 to the present. (Doc. 22-2 at 37

7

(referring to Plaintiff's Second Request for Production of Documents, Request No. 2). Restoration Hardware does not dispute the content of that request, and instead responds that it produced the performance evaluations and personnel files for Mitchell and Cameron. (Doc. 23 at 10 & 15). Restoration Hardware further argues that internal emails regarding those individuals are not relevant and would be unduly burdensome to produce. (Doc. 23 at 15-16).

Unless limited by court order, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). In light of Restoration Hardware's defenses to Ms. Stage's claims, which are largely based on her job performance, and in light of Defendant Dapolito's testimony that the department ran more efficiently after Ms. Stage resigned and that the difference was like "night and day," (doc. 23-3 & doc. 24-1 at 165:1-166:14), communications regarding the job performance of the individuals who replaced her are certainly relevant. Turning to the question of burden, the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). On its face, the request to produce responsive emails for two individuals for the time period at issue does not appear particularly burdensome in this instance, and Restoration Hardware has not provided any evidence indicating that the discovery sought would be burdensome or expensive. Nor have they provided any argument as to the other factors that the court may consider in weighing burden against benefit. However,

8

it appears to the Court that the emails sought are relevant and important to resolving the issues at stake in the action, and the court does not have any reason to believe that Restoration Hardware lacks resources to accomplish this relatively limited production.  Accordingly, the Court will grant the motion to compel as to communications regarding the job performance of Kris Mitchell and Mike Cameron from June 19, 2013 to the present.

VII.  <u>Sixth Request</u>

The sixth request for relief seeks all IMs between Ms. Stage and Mr. Dapolito and between Ms. Stage and Ms. Douglas including the complete IM between Ms. Stage and Ms. Douglas dated June 19, 2013.  Restoration Hardware has represented that it has produced all of the IMs that exist.  However, in light of the inaccuracy of its previous representations regarding which IMs had been produced and which existed, the late production of the June 19 IMs, and the vague explanation that "a very few additional IM Messages were recovered that had previously been lost" (doc. 23 at 7), Ms. Stage is entitled to utilize a Rule 30(b)(6) deposition to investigate how IMs were created and stored, the various locations in which IMs are stored, whether IMs are deleted, whether there are archives or backup tapes that retain IMs, how Restoration Hardware searched for and located IMs, and specifically how the additional IMs were lost and subsequently recovered.  The Court will not grant the request to provide an unredacted version of the lost and recovered IMs at this time.  However, if Restoration Hardware is unable adequately to explain the late recovery of certain IMs, Ms. Stage may decide to renew her request for production of the unredacted version of those IMs.  If Ms. Stage does so, she should be prepared to make an argument as to why the Court should deem the privilege waived or should otherwise disregard Restoration Hardware's assertion of privilege.

9

VIII.   <u>Seventh Request</u>

The seventh request for relief seeks costs and fees pursuant to Rule 37.  The Court will deny that request without prejudice for Ms. Stage to renew that request following the Rule 30(b)(6) deposition if she believes it is warranted at that time.

IX.   <u>Eighth Request</u>

The eighth request for relief seeks an extension of the discovery deadline.  As discussed above, the Court will grant that request for relief.

X.   <u>Conclusion</u>

Accordingly, Plaintiff's Motion to Compel Discovery, Motion for Sanctions, Motion to Extend Discovery Deadline and Request for Hearing (Doc. 22) is GRANTED IN PART and DENIED IN PART as follows.

The Motion is GRANTED as to Plaintiff's request that the Court compel production of all communications regarding the job performance of Kris Mitchell and Mike Cameron from June 19, 2013 to the present.

The Motion is also GRANTED as to Plaintiff's request for extension of the discovery deadline.  The close of discovery shall be 45 days from the date of this Order to permit Ms. Stage to notice a Rule 30(b)(6) deposition of Restoration Hardware.

It is further ORDERED that dispositive motions will be due 35 days from the new close of discovery.

The Motion is DENIED as to all other requests.  This denial is made without prejudice, such that if there exists cause to renew Plaintiff's Motion following the Rule 30(b)(6) deposition, Plaintiff may renew her Motion.

<u>Procedure for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),

10

Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge

11